Peter Phillip, Complainant, Appellee, v. Jennie Landman et al., Defendants.
U. S. Dahm, Cross Complainant, Appellant, v. Peter Phillip et al., Cross Defendants.

Gen. No. 36,765.

Opinion filed May 2, 1934. Rehearing denied May 16, 1934.

TRUDE & KAHANE and MARTIN PIEPENBURG, for appellant.

BEN M. SMITH and OLIVER C. HEYWOOD, for complainant Peter Phillip.

HARRY H. LEVY, for cross defendants Jennie Landman and Morris J. Landman.

MR. JUSTICE HEBEL delivered the opinion of the court.
This cause is in this court upon appeal by U. S. Dahm, defendant and cross complainant, from an

order entered on April 5, 1933, modifying the decree of March 30, 1933.

The bill of complaint to foreclose a trust deed was filed by Peter Phillip. This bill charges that on August 6, 1929, Jennie Landman and Morris J. Landman, her husband, executed and delivered their promissory note of that date for $10,000, payable to bearer, with interest at the rate of 6 per cent per annum; that this interest is evidenced by ten interest coupons of $300 each, payable semiannually; that to secure said note and interest coupons, Jennie Landman and Morris J. Landman, on August 6, 1929, by their trust deed conveyed to the Phillip' State Bank and Trust Company, a corporation, as trustee, to secure the payment of the note and interest coupons, the real estate therein described.

The bill of complaint further charges that Jennie Landman and Morris J. Landman executed their trust deed, dated January 23, 1930, conveying the same real estate to the Chicago Title & Trust Co., as trustee, to secure the payment of 26 principal promissory notes therein described, and the maturities thereof, all payable to the order of U. S. Dahm; that on January 6, 1931, U. S. Dahm filed his bill of complaint in the superior court of Cook county, Illinois, to foreclose said trust deed, which proceeding was still pending in said court, Case No. 529706.

The bill of complaint makes Jennie Landman and Morris J. Landman, U. S. Dahm and others, parties defendant.

Summons was served by the sheriff of Cook county on Jennie Landman and Morris J. Landman, U. S. Dahm and others.

The defendant U. S. Dahm filed an answer and a cross-bill, from which cross-bill appears the pendency of the bill of complaint filed by Peter Phillip to foreclose said first lien trust deed.

Said cross-bill further charges that Jennie Landman and Morris J. Landman, her husband, executed and delivered their 26 promissory notes, aggregating $5,000, dated January 23, 1930, bearing interest at the rate of 6 per cent per annum; that to secure the payment of said notes and interest coupons, Jennie Landman and Morris Landman, her husband, by their trust deed, conveyed the same real estate as described in the bill of complaint, and known as 1421 Juneway Terrace; that notes numbered 1 to 9 have been paid; that the cross complainant is the owner and holder of the balance of the unpaid notes, and that there is due the sum of $3,400; and further charges that a $300 interest coupon, which matured on the principal note of $10,000, secured by the trust deed being foreclosed, had been paid by the cross complainant. The cross-bill makes parties defendant, Peter Phillip, Jennie Landman and Morris J. Landman, and others named in the bill of complaint. The cross-bill of complaint requires all defendants to answer, but not under oath, that the defendants, or some of them, pay to the cross complainant whatever sum shall be found due upon an accounting, together with costs, by short day, and in default of such payment, the premises may be sold as the court shall direct.

An order of default and reference to a master in chancery on the bill of complaint filed herein was entered on February 1, 1933, defaulting Jennie Landman and Morris J. Landman and others named, and referring the cause to Ninian H. Welch, the master in chancery of said court.

A further order was entered on February 11, 1933, defaulting all cross defendants, except Peter Phillip, and referring the cross-bill to Ninian H. Welch, said master in chancery.

The master filed his report on March 30, 1933, and finds in favor of Peter Phillip, complainant, and that

he has a first and prior lien against the described premises, in the sum of $11,395.87; and further finds that the defendant and cross complainant is the holder and owner of notes described in the cross-bill, and that said notes are past due, and that there is due to the defendant and cross complainant, U. S. Dahm, as the holder and owner of interest note No. 5, described in the bill of complaint, in the sum of $322.75, and that the total sum of $4,091.10 is due to the defendant and cross complainant, U. S. Dahm.

The master further reports that there appears in the record a statement by counsel for said defendant and cross complainant to the effect that the validity of the trust deed and the ownership of said trust deed and the notes described in the bill of complaint are being litigated in the superior court of Cook county, Illinois, Case No. 529706; that to this report of the master no objections were filed by any of the parties in interest.

A decree was entered on March 30, 1933, which approves and confirms the master's report, and finds that there is due to the complainant upon the notes and coupons described in the trust deed, the sum of $10,795.87, with interest on said sum from March 6, 1933; $18.50 stenographer's fees, and $600 solicitor's fees.

The decree further finds that the defendant and cross complainant U. S. Dahm is the holder and owner of notes, numbered 10 to 26 inclusive, and that said notes and interest thereon remain unpaid; that there is due to cross complainant as the owner and holder of interest coupon No. 5, secured by the trust deed, and described in the bill of complaint, the sum of $322.75, and that there is due the cross complainant, as the holder and owner of the unpaid notes described in and secured by trust deed described in the bill of complaint, the total sum of $4,091.10.

On April 5, 1933, the decree entered on March 30, 1933, was modified as follows:

"It further appearing to the Court that the ownership of the trust deed recorded in the office of the Recorder of Deeds of Cook county, Illinois, . . . and the notes secured by said trust deed, and the liability of defendants, Jennie Landman and Morris J. Landman, thereunder are in litigation in case pending in the Superior Court of Cook County, Illinois, entitled U. S. Dahm v. Jennie Landman, et al., Number 529706, the court makes no findings or decision in this cause as to the rights of U. S. Dahm under said trust deed . . . and the notes secured thereby, except that the Court finds that the rights of said U. S. Dahm and the parties who may ultimately be determined to be the owners of the notes secured by said trust deed . . . are junior and subject and subordinate and inferior to the lien of the complainant under the trust deed . . . and the Court further finds that the rights of the parties under trust deed recorded as document number 10584605 and the notes therein described shall be determined in said cause in the Superior Court number 529706."

It appears that a motion was made in the above entitled cause by the solicitor of Jennie Landman and Morris J. Landman, defendants, that the decree that was entered on March 30, 1933, be modified so that the decree should provide that the question of the ownership and validity of the trust deed and notes claimed by the defendant and cross complainant U. S. Dahm be held in abeyance until the termination of the case of U. S. Dahm v. Landman et al., now pending in the superior court of Cook county as Case No. 529706.

It appears from the evidence in the record that when said motion came on for hearing on said day, all of the parties were present, and that Harry H. Levy stated to the court that on January 6, 1931, the defendant and

cross complainant, U. S. Dahm, had filed his original bill of complaint in the superior court of Cook county as Case No. 529706 against Jennie Landman and Morris J. Landman and others, and that said Jennie Landman and Morris J. Landman were the same parties named in said cross-bill, in and by which said original bill of complaint prayed for precisely the same relief as was requested in said cross-bill, the original bill being a bill to foreclose the junior lien, trust deed and notes secured thereby described in the answer of U. S. Dahm, and in his cross-bill in this cause; that said Jennie Landman and Morris J. Landman filed their answer in said superior court proceeding, and in said answer denied that said U. S. Dahm was the owner of said trust deed and notes, and set forth a defense upon the merits to said notes and a claim for damages against the real owner thereof in excess of the balance alleged to be due thereon; that said suit had been referred in September, 1931, to Sidney S. Pollack, a master in chancery of said superior court, and that hearings had been had on behalf of all parties before said master ever since said date, until about a month before the hearing on said motion; that upon the last hearing before the master, the father of the cross complainant in this cause, was on the stand under direct examination by Martin Piepenburg, on behalf of U. S. Dahm; that at the said last hearing Martin Piepenburg stated that U. S. Dahm's father was too busy to reappear before said master in chancery to complete said direct examination and to submit to cross-examination, and that no further hearings were had before the master; that previous to that time, dozens of hearings were had before the master on behalf of both complainant and the defendants, and that hundreds of pages of evidence had been offered and transcribed by the parties to the original bill; that evidence on behalf of said defendants, Jennie Landman and Morris J. Landman had been completed before said master

some five or six months before said 31st day of March, 1933, and that since the completion of evidence on behalf of the defendants, the solicitor had been offering evidence on behalf of the cross complainant in the suit pending in the superior court. Whereupon, the court asked Martin Piepenburg, if Mr. Levy's statements were true, and Martin Piepenburg then stated that said statements were statements of fact, but that no appearance had been filed in this cause by said defendants, nor by Mr. Levy for said defendants; that on the day set for hearing February 8, 1933, before Ninian H. Welch, master in chancery of this court, to whom the cause was referred, he had telephoned Mr. Levy and informed him that on said date he intended to prove up the trust deed on said notes of U. S. Dahm, and that said Levy was present at the hearing before the master; and that upon said hearing Mr. Piepenburg had informed said master of the pendency of said superior court proceedings and claims therein made on behalf of said Jennie Landman and Morris J. Landman.

It also appears that Mr. Levy, who was appearing on behalf of the defendants Jennie Landman and Morris J. Landman, had received a notice that the decree would be presented in the court room of his honor Judge Burke; that he was engaged before his honor Judge Hugo Friend, and that he appeared in the court room of Judge Burke at six minutes after 10 o'clock on March 30, 1933, the morning the decree was presented; that the decree had been entered, and thereupon Mr. Levy immediately served notice upon all interested parties of the presentation of said motion to vacate or modify said decree.

The proceeding before the chancellor was upon the motion to vacate offered by the defendants Jennie Landman and Morris J. Landman, who were in default at the time, and was in the nature of a plea in abatement that a prior suit was pending between the same

parties named in the cross-bill upon the same subject matter and for the same relief as asked for in the cross-bill in the instant case.

Jennie and Morris Landman were named as defendants in the original bill to foreclose the trust deed, the subject matter of the litigation in the pending cause. It also appears from this bill that there is a suit pending in the superior court of Cook county between U. S. Dahm and Jennie and Morris Landman, and that Jennie and Morris Landman had knowledge of the filing of the present suit, to which U. S. Dahm was made a party defendant, and that Dahm was made a party defendant because of his interest in the trust deed and notes, which are a second lien and subject to the trust deed and notes being foreclosed by the complainant Peter Phillip. The defendants Jennie and Morris Landman were served with summons and were defaulted for want of appearance in this case. The defendant U. S. Dahm is not voluntarily in this suit. He was made a party defendant, was served with a summons, appeared and filed an answer and cross-bill. He proceeded to establish his rights in the cause and offered proof before the master in chancery of his ownership of the notes, as well as of the trust deed, but before proceeding with the hearing, he notified Harry H. Levy, who appeared as attorney for Jennie and Morris Landman in the hearing before the master. The attorney for U. S. Dahm, the defendant and cross complainant, made a statement as to the pendency in the superior court of the proceeding between these same parties, and this statement was incorporated in the master's report.

After the master's report was approved and the decree drafted in accordance with the court's direction, these defendants Jennie and Morris Landman were notified that the decree based upon the master's report would be presented to the chancellor. The defendants failed to appear until after the decree was

signed by the chancellor and entered. The established rule which requires no citation of authorities, is that a plea in abatement must be presented at the earliest opportunity. This was not done by the defendants Jennie and Morris Landman, who were in default and with knowledge that a hearing was to be had before the master in chancery upon the cross-bill. By this cross-bill it was necessary for Dahm to establish the fact that he was the holder and owner of the notes, the subject of the foreclosure set forth in the cross-bill. These defendants took no steps to call the attention of the court to the condition of the record, and permitted the cause to proceed to entry by the court of the final decree, and a motion was not presented until after the decree had been entered on March 30, 1933.

The cross complainant did not conceal the fact of the pending litigation in the superior court, but, on the contrary, notwithstanding the defendants were in default, notified the defendants through their attorney that a hearing would be had before the master in chancery, upon the question of the ownership of the notes secured by the trust deed, and at the time of the hearing the cross complainant's attorney made a statement, which is incorporated in the master's report, as to the pendency of the litigation in the superior court of Cook county. After the service of summons on December 3, 1932, the defendants Jennie and Morris Landman delayed until March 30, 1933, and then moved that the decree be modified because of a prior action pending. This does not indicate that the defendants were diligent, or that they called the matter to the attention of the court at an early opportunity. U. S. Dahm was a party to this suit, and as a cross complainant he was entitled to proceed with the litigation and to establish his rights, and the chancellor erred in modifying the decree of March 30, 1933. If the defendants desired to call upon the court to enter an order requiring Dahm to elect in which of the

causes he desired to submit his case, this should have been done at the earliest opportunity, and upon his election the court no doubt would have entered a just and equitable order as to the payment of costs.

This court is of the opinion that the chancellor erred in entering the order of April 5, 1933, modifying the decree of March 30, 1933, and denying the relief prayed for by the cross complainant and as recommended by the master in chancery. For that reason the decree is reversed with directions to the court to proceed in conformity with the views expressed in this opinion.

*Decree reversed and cause remanded with directions.*

HALL, P. J., and WILSON, J., concur.